**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4364**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DANIEL EARL JOHNSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   Louise W. Flanagan, District Judge.  (7:14-cr-00044-FL-1)

Submitted:  March 17, 2016            Decided:  April 14, 2016

Before KING, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Earl Johnson appeals the district court's judgment after pleading guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced Johnson at the bottom of his Guidelines range to 110 months in prison. On appeal, he contends the district court erred in calculating his Guidelines range by applying an official victim enhancement and denying him a reduction for acceptance of responsibility. We affirm.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). In determining whether the advisory Guidelines range was properly calculated, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Dodd, 770 F.3d 306, 309 (4th Cir. 2014), cert. denied, 135 S. Ct. 1514 (2015).

Johnson first contends the district court erred by applying an official victim enhancement under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2014). "Section 3A1.2(c)(1) provides for a six-level enhancement where a defendant 'in a manner creating a substantial risk of serious bodily injury,' and 'knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of

2

the offense or immediate flight therefrom.'" United States v. Hampton, 628 F.3d 654, 659 (4th Cir. 2010) (quoting USSG § 3A1.2(c)(1)). "As the Sentencing Guidelines do not provide a definition of 'assault,' we turn to the common meaning of the word for guidance." Id. at 660 (citation omitted).

In this case, there was evidence that Johnson pointed a loaded firearm at a police officer while fleeing from police. On appeal, Johnson argues that he did not assault the officer because the officer did not see the gun "until after the gun was said to have been pointed in his direction." However, the officer was chasing Johnson as a suspect leaving a scene where gun shots had been fired, and the officer testified that Johnson turned back towards the officer while running and extended his arm straight out and pointed it at the officer, making eye contact and seeming to adjust his arm to track the officer's movement. This lead the officer to believe that Johnson was pointing a gun at him and prompted the officer to raise his own weapon. The belief was confirmed moments later when the officer saw the gun in Johnson's hand, causing the officer to slow down because he was scared that Johnson was going to shoot him. We conclude the evidence was sufficient to support the enhancement.

Johnson also contends the district court erred by denying him a reduction for acceptance of responsibility under USSG § 3E1.1 based on his new criminal conduct committed in jail

while he was awaiting sentencing in this case. Specifically, he was charged with felony assault with physical injury on a detention employee. On appeal, he argues that his "difficulties at the jail had nothing to do with his violation of § 922(g)(1)," and he should have received the reduction.

"The decision to grant an acceptance-of-responsibility reduction often depends on the actions of the defendant following his or her arrest or plea." United States v. Dugger, 485 F.3d 236, 240 (4th Cir. 2007). District courts consider several factors when evaluating whether a defendant has clearly demonstrated acceptance of responsibility, including "truthfully admitting the conduct comprising the offense(s) of conviction," "voluntary termination or withdrawal from criminal conduct," "voluntary surrender to authorities promptly after the commission of the offense," "post-offense rehabilitative efforts," and "timeliness of the defendant's conduct in manifesting the acceptance of responsibility." Id. at 239 (citation and internal quotation marks omitted). "A guilty plea may be evidence of acceptance, but it does not, standing alone, entitle a defendant to a reduction as a matter of right." Id. (citation and internal quotation marks omitted).

We will uphold a district court's decision under § 3E1.1 unless there is evidence compelling us to conclude that the court committed clear error. Id. We "must give great deference

4

to the district court's decision because the sentencing judge is in the best position to evaluate the defendant's acts and statements to determine whether the defendant has accepted responsibility for his or her criminal conduct."  Id.  Based on our review of the record, we conclude that the district court did not clearly err in denying Johnson the § 3E1.1 reduction.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED